SHAWN E. DRANEY (4026)
SCOTT H. MARTIN (7750)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Telephone: (801) 521-9000
Facsimile:  (801) 363-0400
e-mail:     sed@scmlaw.com
            shm@scmlaw.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| PATRICK PILLSBURY, <br><br> Plaintiff, <br><br> vs. <br><br> THE CITY OF ENOCH, <br><br> Defendants. | **ORDER AND MEMORANDUM DECISION** <br><br> Civil No. 2:13-cv-00948 <br><br> Judge Tena Campbell |

By Order and Memorandum Decision, dated 4/23/2014 (Dkt. No. 17), this Court found Plaintiff's Complaint did not meet the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure and Twombly/Iqbal as the Complaint failed to state a plausible claim for relief. On this basis, the Court dismissed Plaintiff's case without prejudice. (Dkt. No. 17 at 2.) The Court gave Plaintiff the opportunity to file a Motion for Leave to File an Amended Complaint (id.), which Plaintiff filed on April 28, 2014. (Dkt. No. 18, 18-1.) Defendant opposed Plaintiff's

Motion arguing that allowing the Amended Complaint would be futile because Plaintiff's sole cause of action was not supportable by law under the Governmental Immunity Act of Utah (Act), Utah Code §§ 63G-7-100 et seq., and the public duty doctrine.  (Dkt. No. 19.)  Plaintiff filed a Reply Memorandum in Support of his Motion on May 20, 2014.  (Dkt. No. 20.)

On September 15, 2014, both parties, through counsel, appeared, and the Court heard oral argument on Plaintiff's Motion.

Accepting the well-pled facts of Plaintiff's Amended Complaint as true for purposes of this Motion, the Court finds that allowing Plaintiff leave to file his Amended Complaint would be futile because the facts, cause of action, and prayer for relief alleged are barred by the Act's flood water management, and construction, repair, and operation of flood or storm systems exceptions to the waiver of governmental immunity.  Utah Code Ann. § 63G-7-301(p) and (q), respectively.  The Court further finds that to allow Plaintiff's alleged "negligent design" cause of action to proceed would be to allow Plaintiff to craft an exception that would "swallow the rule" that provides governmental immunity for flood water management and construction, repair, and operation of flood and storm water systems.  Cook v. City of Moroni, 2005 UT App 40, ¶ 8, 107 P.3d 713 (rejecting the plaintiffs' attempt to avoid the City's immunity "by characterizing the City's replacement of a particular pipe as an isolated act falling outside the 'construction, repair, or operation of flood or storm systems'").  Plaintiff cannot avoid Defendant's immunity in this manner.

For these reasons, Plaintiff's Motion for Leave to Amend (Dkt. No. 18) is DENIED and

this matter is DISMISSED WITH PREJUDICE.

SO ORDERED this 17th day of September, 2014.

BY THE COURT:

_Tena Campbell_
Honorable Tena Campbell
*U.S. District Court Judge*

Approved as to Form:

Crippen & Cline, L.C.


/s/ Russell A. Cline
(E-mail permission to affix signature granted by Russell A. Cline)
Russell A. Cline
Counsel for Plaintiff